IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-19-0036 |
| | | CIV. NO. JKB-24-1178 |
| ANTHONY DINKINS, | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Anthony Dinkins was charged in a Superseding Indictment with Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances (Count 1); Conspiracy to Possess a Firearm in Furtherance of Drug Trafficking (Count 2); Discharging a Firearm in Furtherance of Drug Trafficking (Count 3). (ECF No. 276.) He pleaded guilty to Count 3 (ECF No. 483), and was sentenced to 204 months imprisonment and a term of three years of supervised release (ECF No. 562). Dinkins has filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255. (ECF No. 1422.) For the reasons that follow, Dinkins' Motion will be denied and a certificate of appealability will not issue.

### I.    Legal Standard

28 U.S.C. § 2255 allows a federal prisoner to move to set aside a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" The movant in a § 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Though a court must

hold a hearing when the movant raises a genuine dispute of fact, the court need not do so where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

## II.   Analysis

In support of his § 2255 Motion, Dinkins makes several interrelated arguments, and in his Reply clarifies that he does "not intend[] to present any challenges to his guilty plea" or to "challenge the indictment or factual basis for the plea." (ECF No. 1453 at 1.) He explains that his Motion is intended "to show that he entered a plea of guilty and was sentenced to a non-existent federal violation" and that the Court therefore "lacked jurisdiction to render judgment." (*Id.* at 2.) He further explains that since "the Court lacked jurisdiction to render judgment, [he] is actually innocent of committing a federal violation." (*Id.*)

### A.  Timeliness

As an initial matter, Dinkins' § 2255 Motion is not timely.  Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year period of limitations.  28 U.S.C. § 2255(f).  The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Here, judgment against Dinkins was entered on January 19, 2021 (ECF No. 562), and he did not file an appeal. The conviction therefore became final on February 2, 2021, which was the date on which the time for filing an appeal lapsed. *See United States v. Wilson*, 256 F.3d 217, 221

(4th Cir. 2001) (where no appeal filed, conviction becomes final after time for filing appeal had lapsed); Fed. R. App. P. 4(b)(1)(A) (notice of appeal must be filed within fourteen days of judgment). He did not file the pending Motion until April 19, 2024. Therefore, the instant Motion is not timely.

Dinkins argues that he presents a claim of actual innocence, "premised upon the fact that[] discharging a firearm in furtherance of drug trafficking is not a violation of 18 U.S.C. § 924(c)[.]" (ECF No. 1422-1 at 1.) The Supreme Court has explained that "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citation, quotations, and alteration omitted). Dinkins presents no new evidence of his purported innocence to overcome the one-year statute of limitations.

Dinkins does not argue that any of the other provisions of 28 U.S.C. § 2255(f) apply to his case, and nothing in the record suggests that governmental action impeded him from filing the Motion, that there is a new right recognized by the Supreme Court, or that he only now discovered facts supporting his claim. Dinkins likewise does not argue that equitable tolling applies in this case. "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Nothing in the record indicates that Dinkins may avail himself of equitable tolling, as Dinkins presents no such extraordinary circumstances.

3

In short, nothing in the record reflects that Dinkins could not have made the arguments he makes in the pending Motion within the limitations period, and Dinkins has presented no evidence that he is actually innocent, as discussed in more detail below.

### B. Procedural Default

In addition to being time-barred, Dinkins' claim is procedurally defaulted. A defendant procedurally defaults on a claim if he could have raised it during his initial criminal proceeding or on direct appeal but failed to do so. *See United States v. McKinney*, 60 F.4th 188, 193 (4th Cir. 2023). "Without an excuse for this failure, the procedural-default doctrine precludes a defendant from asserting that claim on collateral review." *Id.* To excuse a procedural default, Dinkins must show "either cause and actual prejudice or that he is actually innocent." *Id.* (citation and quotation omitted). Dinkins has not argued cause and prejudice, and a "defendant making a claim of actual innocence after a negotiated guilty plea must show that he is factually innocent of the underlying criminal conduct." *United States v. Adams*, 814 F.3d 178, 184 (4th Cir. 2016). Dinkins has not established actual innocence, as described below.

### C. Actual Innocence

Dinkins was charged with violating 18 U.S.C. § 924(c), which provides that:

[A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Count 3 of the Superseding Indictment charges Dinkins with "knowingly us[ing], carry[ing], brandish[ing], and discharg[ing] a firearm . . . during and in relation to a drug trafficking

4

crime . . . that is, conspiracy to possess with the intent to distribute cocaine base and marijuana [as charged in Count 1]." (ECF No. 276.) The Plea Agreement provided that the elements to which Dinkins agreed to plead guilty were: (1) "[t]he Defendant committed a drug trafficking crime that may be prosecuted in a court of the United States"; (2) "[t]he Defendant knowingly used or carried a firearm during the drug trafficking crime or possessed the firearm in furtherance of such crime"; and (3) "[t]he Defendant discharged the firearm." (*See* ECF No. 483.)

The gravamen of Dinkins' claim appears to be that there is no federal crime for discharging in furtherance. (*See* ECF No. 1422-1 at 1 (Dinkins explaining that he will present a claim of actual innocence predicated on the idea that "discharging a firearm in furtherance of drug trafficking is not a violation of 18 U.S.C. § 924(c)").) Dinkins is incorrect. 18 U.S.C. § 924(c) criminalizes, *inter alia*, possessing a firearm in furtherance of a drug trafficking crime and provides for differing terms of imprisonment based upon how the firearm is used, including that "if the firearm is discharged," the sentence must be one of "not less than 10 years." In short, discharging a firearm in furtherance of a drug trafficking crime falls within the ambit of possessing a firearm in furtherance of such a crime.

Dinkins has not established—and the record does not reflect—that he is actually innocent. The Stipulation of Facts in his Plea Agreement provides the following:

> From at least January 2018, the Defendant joined in an agreement with others . . . to distributed substances or mixtures containing cocaine base . . . . The Defendant's co-defendants sold narcotics directly to customers, and the Defendant possessed, carried and used firearms to protect the territory and his co-defendants.
>
> . . .
>
> Specifically to the Defendant, on April 27, 2018, he carried, used, and discharged a firearm in furtherance of drug trafficking. On that date, a group of individuals including the Defendant and two co-defendants approached a store . . . . The Defendant went inside while the rest of the group waited outside on the sidewalk. Moments later, an individual (SJ) approached and began shooting at the group. As

5

the group dispersed, the Defendant reached his arm out of the store's door and began shooting in SJ's direction before exiting and fleeing while continuing to shoot toward SJ . . . . [T]he Defendant [] agrees that SJ was a member of [a rival drug organization], and that the April 27 gunfire exchange was related to the dispute with SJ's drug shop.

(*Id.*) These facts are clearly sufficient to establish that he is guilty of the charged offense, and Dinkins does not provide any evidence that would show that the stipulated facts were false or incorrect. In fact, Dinkins explicitly states that he does not he does "not intend[] to present any challenges to his guilty plea" or to "challenge the indictment or factual basis for the plea." (ECF No. 1453 at 1.)

## III.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (citation and

quotation marks omitted).  Dinkins does not satisfy the above standards.  Accordingly, a certificate of appealability will not issue.

## IV.    Conclusion

For the foregoing reasons, its it ORDERED that:

1.  Dinkins' § 2255 Motion (ECF No. 1422) is DENIED;

2.  A certificate of appealability SHALL NOT ISSUE; and

3.  The Clerk is DIRECTED to close Civil Case JKB-24-1178.

DATED this ___/6___ day of September, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

7